UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGERICK BOOTH,

      Plaintiff,

                              CASE NO. 05-CV-72905-DT
v.                            JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL KOMIVES

RUO CARRILL and RUO KELLER,
in their individual capacities,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION: The Court should deny defendants' motion to revoke *in forma pauperis* status and dismiss without prejudice pursuant to 28 U.S.C. § 1915(g) (docket #20).

II.     REPORT:

      The motion currently before the Court requires the Court to determine the purely legal question of whether a prisoner action dismissed without prejudice for failure to exhaust administrative remedies constitutes a "strike" under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Confirmation Hr'g on the Nomination of John G. Roberts, Jr. to be Chief Justice of the United States Before the Senate Comm. on the Judiciary*, 109th Cong., at 56 (2005) (statement of John G. Roberts, Jr.) (it is a judge's "job to call balls and strikes.").

A.     *Procedural Background*

      Plaintiff Rodgerick Booth, a state prisoner, commenced this action against defendants Carrill and Keller on August 25, 2005. Pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendants violated his rights under the First and Fourteenth Amendments by fabricating a misconduct ticket

1

against him. Plaintiff filed an amended complaint on March 28, 2006.

The matter is currently before the Court on defendants' motion to revoke plaintiff's *in forma pauperis* status and dismiss the case without prejudice pursuant to the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), filed on May 2, 2006. Defendants contend that plaintiff has had three previous suits dismissed as frivolous or for failure to state a claim, and therefore that he is not entitled to proceed *in forma pauperis* in this action pursuant to the three-strikes provision. Plaintiff has not filed a response to defendants' motion. For the reasons that follow, the Court should deny defendants' motion.

B.   *Analysis*

"The PLRA, as its name suggests, contains numerous provisions governing the course of prison litigation in the federal courts." *Martin v. Hadix*, 527 U.S. 343, 349-50 (1999). Amongst other amendments, the PLRA amended the statute governing *in forma pauperis* actions in the federal courts. Specifically, the three-strikes provision which is at issue here provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants contend that plaintiff's *in forma pauperis* suit violates this provision because he has had three prior cases dismissed. First, in *Booth v. Stapleton*, No. 1:02-CV-378 (W.D. Mich.), the court dismissed the action in the PLRA's screening phase, *see* 28 U.S.C. § 1915A, after concluding that "Defendant Stapleton is immune and the complaint fails to state a claim upon which relief may be granted." Def.'s Br., Ex. 1 (Judgment). Second, in *Booth v. Stapleton*, No. 1:04-CV-

670 (W.D. Mich.), the court again dismissed plaintiff's complaint at the screening stage based on its determination that the complaint "fail[ed] to state a claim upon which relief may be granted[.]" Def.s' Br., Ex. 2 (Judgment). Finally, in *Booth v. Carrill*, No. 04-CV-74871 (E.D. Mich.), Judge Rosen dismissed plaintiff's claim, which were identical to the claims raised against defendants here. However, Judge Rosen's dismissal was without prejudice and was based solely on plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See* Def.'s Br., Ex. 3 (Order of Dismissal). There is no question that the first two cases constitute "prior occasions," that is, "strikes," under the three-strikes provision. The question presented here is whether the dismissal without prejudice of plaintiff's prior suit in this Court for failure to exhaust constitutes a strike within the meaning of § 1915(g).

In arguing that it does, defendants rely on decisions of the Sixth Circuit which describe the exhaustion requirement as "mandatory" and a "prerequisite to suit." Defendants' reliance on these decisions is misplaced. The question before the Court is not whether plaintiff must exhaust his administrative remedies; he assuredly must. Nor is the question whether this requirement is a mandatory prerequisite to suit. Rather, the question before the Court is whether a dismissal without prejudice for failure to exhaust administrative remedies constitutes a dismissal of the action "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," which are the only grounds which cause the dismissal to count as a strike. The Court should conclude that it is not.

In determining the meaning of a statute, a court must begin with the language of the enactment, giving the words used their ordinary meaning. *See Smith v. United States*, 508 U.S. 223, 238 (1995); *Moskal v. United States*, 498 U.S. 103, 108 (1990). However, "where Congress borrows

3

terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed." *Morissette v. United States*, 342 U.S. 246, 263 (1952); *see also*, *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 615-16 (2001). Here, both "frivolous" and "fails to state a claim upon which relief may be granted" are legal terms of art which imply rulings going to the substantive merit of a plaintiff's claims. For example, in interpreting a different subsection of 28 U.S.C. § 1915, the Supreme Court has explained that a claim is "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also*, *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *cf. Allinder v. Inter-City Prods. Corp.*, 152 F.3d 544, 552 (6th Cir. 1998) (internal quotation omitted) (For purposes of sanctions under Federal Rule of Appellate Procedure 38, an "appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit."). Similarly, the "failure to state a claim" language was taken by Congress directly from FED. R. CIV. P. 12(b)(6), which tests the legal sufficiency of the plaintiff's substantive claims on the facts pleaded in the complaint. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Thus, the ordinary legal meaning of the term "frivolous" and of the phrase "failure to state a claim upon which relief may be granted" suggests that Congress intended to, and did in fact, structure § 1915(g) to count as a strike only those prior dismissals which were based on the merits.

At least two other factors support this reading of the statute. First, Congress clearly knew how to use language indicating when exhaustion of remedies is at issue, and did not explicitly

4

include exhaustion language in § 1915(g).  "[I]t is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another." *Chicago v. Environmental Defense Fund*, 511 U.S. 328, 338 (1994) (internal quotation omitted); *see also*, *Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991); *Russello v. United States*, 464 U.S. 16, 23 (1983).  Thus, the omission of any language relating to prior dismissals for lack of exhaustion is conspicuous.

Second, it is well established that the words of a statute are not to be considered in isolation, and that a court interpreting a statutory provision must consider the meaning of the provision at issue in context.  *See Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).  Thus, it is "'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)); *see also*, *United States v. Alaska*, 521 U.S. 1, 59 (1997) (internal quotation omitted) (a court should "avoid an interpretation of a statute that renders some words altogether redundant.").  In passing the PLRA, Congress added a provision requiring prisoners to exhaust their administrative remedies with respect to a claim before filing suit.  *See* 42 U.S.C. § 1997e(a). Congress also provided, however, that "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  42 U.S.C. § 1997e(c)(2).  The first part of this section is identical to the types of prior dismissals which constitute a strike under § 1915(g).  The fact that a court explicitly is permitted to dismiss such claims notwithstanding a

failure to exhaust suggests that lack of exhaustion is separate and distinct from frivolity, maliciousness, or failure to state a claim.  In other words, interpreting § 1915(g) as defendants suggest would render 42 U.S.C. § 1997e(c)(2) meaningless.

For these reasons, the Fourth Circuit's decision on this issue in *Green v. Young*, 454 F.3d 405 (4th Cir. 2006), is persuasive.  In that case, the court explained:

> The PLRA's three-strikes provision by its terms applies only if a prisoner has had three prior actions dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted." 28 U.S.C.A. § 1915(g). Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute. Congress created the exhaustion requirement in the section of the PLRA immediately preceding the three-strikes provision, but Congress nonetheless declined to include a dismissal on exhaustion grounds as one of the types of dismissals that should be treated as a strike. Accordingly, we must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that a routine dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g).

*Green*, 454 F.3d at 409 (footnote omitted).  Or, as another district court has explained,

> The Congressional mandate is clear and unambiguous. Congress outlined three situations in which a prisoner will receive a "strike." Courts have read related situations into § 1915(g) when a claim is baseless, without merit, or an abuse of the judicial process. While these situations are not literally within § 1915(g), they are clearly associated with actions that are frivolous, malicious, or fail to state a claim upon which relief may be granted. All of the associations go to the merits of the claim itself, not the procedural posture. The ambiguity arises only when courts attempt to let dissimilar situations into the three specific reasons expressly provided by Congress for a strike. In this sense, reading failure to exhaust administrative remedies into the text of § 1915(g) is, in my view, classic judicial legislation rather than statutory interpretation.
> \* \* \* \*
> I am satisfied that Congress knows how to distinguish failure to exhaust from failure to state a claim. This is evident in the fact that the PLRA uses both phrases, separately, without confusion, and Congress did not list failure to exhaust among the bases for a strike. There is always hue and cry that judges should interpret the law, not make it. Often it is hard to discriminate the two, but here it is not. I'll decline the opportunity to "help" Congress with its plain language.

*Smith v. Duke*, 296 F. Supp. 2d 965, 966, 968 (E.D. Ark. 2003).

For the reasons discussed above and in the *Green* and *Smith* cases, the Court should conclude that a routine dismissal for failure to exhaust administrative remedies does not count as a "strike" under § 1915(g).  *See Green*, 454 F.3d at 409; *Snider v. Melindez*, 199 F.3d 108, 111-12 (2d Cir. 1999); *Smith*, 296 F. Supp. 2d at 966-68; *Chatman v. Early*, No. C 03-2820, 2006 WL 2975597, at *2 (N.D. Cal. Oct. 16, 2006).[1]  Not counting plaintiff's prior case which was dismissed solely for failure to exhaust administrative remedies, defendants have pointed to only two prior cases which qualify as strikes under § 1915(g).  Because § 1915(g) is operative only when a plaintiff has three strikes, the Court should deny defendants' motion to dismiss.

C.   *Conclusion*

In view of the foregoing, the Court should deny defendants' motion to revoke *in forma pauperis* status and dismiss without prejudice pursuant to 28 U.S.C. § 1915(g).

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

---

[1] It appears that four circuit courts have reached the opposite conclusion, either holding or suggesting that a dismissal for failure to exhaust constitutes a strike under § 1915(g).  These decisions are not persuasive.  For example, in *Rivera v. Allen*, 144 F.3d 719 (11th Cir. 1998), the court stated that a claim which fails to allege exhaustion is "tantamount to one that fails to state a claim upon which relief may be granted," but did not provide any detailed analysis of the PLRA's statutory scheme.  *Id*. at 731.  In *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004), the court stated this conclusion, but did so in a single sentence of dicta with no analysis, in a case which did not involve the issue but concerned the applicability of the PLRA to pretrial detainees.  *See id*. at 979.  In *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003), the court suggested that a dismissal for failure to exhaust counts as a strike, but the court neither extensively analyzed the issue nor definitively resolved the matter.  Finally, in *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458 (5th Cir. 1998), the court considered not a simple civil rights action, but a prior civil rights action which had been converted to a habeas action and then dismissed for failure to exhaust.  The court's decision was premised on the existence of circumstances in the prior case and language in the prior court's order which suggested that the prior dismissal was not merely one for failure to exhaust, but was equivalent to a finding of frivolousness by the prior court.  *See id*. at 464.

7

2:05-cv-72905-AJT-PJK   Doc # 26   Filed 11/28/06   Pg 8 of 8   Pg ID 102

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/28/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 28, 2006.

s/Eddrey Butts
Case Manager